UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHAELE C.,

                              Plaintiff,

                v.

ANDREW M. SAUL,[1] Commissioner of
  Social Security,

                              Defendant.
_____

**DECISION
and
ORDER

19-CV-01041F**
(**consent**)

APPEARANCES:                LAW OFFICES OF KENNETH R. HILLER, PLLC
                                    Attorneys for Plaintiff
                                    KENNETH R. HILLER, and
                                    ANTHONY ROONEY, of Counsel
                                    6000 North Bailey Avenue
                                    Suite 1A
                                    Amherst, New York 14226

                                    JAMES P. KENNEDY, JR.
                                    UNITED STATES ATTORNEY
                                    Attorney for Defendant
                                    Federal Centre
                                    138 Delaware Avenue
                                    Buffalo, New York 14202
                                            and
                                    DENNIS J. CANNING, and
                                    NICOL FITZHUGH
                                    Special Assistant United States Attorney, of Counsel
                                    Social Security Administration
                                    Office of General Counsel
                                    601 East 12th Street
                                    Room 965
                                    Kansas City, Missouri 64106

---

[1] Andrew M. Saul became the Commissioner of the Social Security Administration on June 17, 2019, and, pursuant to Fed.R.Civ.P. 25(d), is substituted as Defendant in this case.  No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

**JURISDICTION**

On October 14, 2020, this matter was assigned to the undersigned before whom the parties to this action consented pursuant to 28 U.S.C. § 636(c) to proceed in accordance with this court's June 29, 2018 Standing Order (Dkt. 17). The matter is presently before the court on motions for judgment on the pleadings filed by Plaintiff on February 13, 2020 (Dkt. 10), and by Defendant on May 20, 2020 (Dkt. 15).

**BACKGROUND**

Plaintiff Michaele C. ("Plaintiff"), brings this action under Titles II and XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the Commissioner of Social Security's final decision denying Plaintiff's applications filed on July 20, 2015 with the Social Security Administration ("SSA"), for Social Security Disability Insurance ("SSDI") under Title II of the Act, and Social Security Supplemental Income ("SSI") under Title XVI of the Act (together, "disability benefits"). Plaintiff alleges she became disabled on August 29, 2008, based on leg issues, bulging and deteriorating discs in her lower back, difficulty walking, shooting leg pain, and an inability to sit or stand more than 20 minutes at one time. (R.[2] 174, 178). Plaintiff's applications were initially denied on October 15, 2015, (R. 54-70, 77-92), and at Plaintiff's timely request, (R. 93-97), on December 1, 2017, a hearing was held in Buffalo, New York before administrative law judge Marilyn Zahm ("the ALJ") (R. 103-44) ("administrative hearing"). Appearing and testifying at the hearing were Plaintiff,

---

[2] References to "AR" are to the page of the Administrative Record electronically filed by Defendant on July 22, 2019 (Dkt. 6).

represented by Kelly Laga, Esq. ("Laga"), and vocational expert Michael Dorsey ("the VE").

On March 19, 2018, the ALJ issued a decision denying Plaintiff's claim (R. 62-86) ("ALJ's Decision"), which Plaintiff timely appealed to the Appeals Council.  On April 19, 2019, the Appeals Council upheld the ALJ's disability findings at steps one through three of the review process, determined that Plaintiff was capable of performing light work with the ability to stand and work for six hours in an eight-hour workday, sit for two hours in an eight-hour workday, frequently stoop and kneel, not perform any constant handling or fingering, that Plaintiff has no past relevant work, that the VE's testimony that Plaintiff was able to perform the jobs of garment sorter and checker from July 20, 2015 until March 22, 2018, was supported by substantial evidence in the record, and that Plaintiff was therefore not disabled.  (R. 1-15).  Upon denying Plaintiff's request for review, the Appeals Council rendered the ALJ's decision final for purposes of review.  On August 6, 2019, Plaintiff commenced the instant action in this court seeking judicial review of the ALJ's Decision.  (Dkt. 1).

On February 13, 2019, Plaintiff moved for judgment on the pleadings (Dkt. 10) ("Plaintiff's Motion"), attaching Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Administrative Record (Dkt. 10-1) ("Plaintiff's Memorandum").  On May 20, 2020, Defendant moved for judgment on the pleadings (Dkt. 15) ("Defendant's Motion"), attaching Defendant's Brief in Support of Defendant's Motion for Judgment on the Pleadings and in Response to Plaintiff's Brief Pursuant to Local Civil Rule 5.5 (Dkt. 15-1) ("Defendant's Memorandum").  Filed on June 10, 2020, was Plaintiff's Response to Commissioner's Brief in Support and in Further Support for

Plaintiff's Motion for Judgment on the Pleadings (Dkt. 16) ("Plaintiff's Reply").  Oral argument was deemed unnecessary.

Based on the foregoing, Plaintiff's Motion is DENIED; Defendant's Motion is GRANTED.

## **FACTS**[3]

Plaintiff Michaele C. ("Plaintiff"), born on September 10, 1969, was 38 years old as of August 29, 2008, her alleged disability onset date ("DOD"), and was 48 years old as of March 22, 2018, the date of the ALJ's Decision.  As of the administrative hearing, Plaintiff was divorced and lived alone in an apartment with her pet cat.  (R. 109).  On her disability benefits applications, Plaintiff reported her daily activities of daily living included preparing simple meals, doing housework and laundry (R. 295-96), and her activities and hobbies included watching television, reading, shopping, visiting friends and watching movies.  (R. 116, 297).  Plaintiff obtained a general equivalency diploma, was working to become a certified nurse's aide, does not have a driver's license (R. 109), and stopped working in 2014 after contracting Lyme disease.  (R. 111).

Relevant to Plaintiff's motion in this case, on September 30, 2015, Hongbiao Liu, M.D. ("Dr. Liu"), completed a consultative internal medical examination on Plaintiff and noted Plaintiff's history of depression, anxiety, and schizophrenia, left breast cancer with pending radiation therapy, diabetes and arthritis.  (R. 513).  Upon examination, Dr. Liu assessed Plaintiff with a normal gait and stance, inability to perform a heel-to-toe walk because of lower back pain, and evaluated Plaintiff with a mild-to-moderate limitation to

---

[3] In the interest of judicial economy, recitation of the Facts is limited to only those necessary for determining the pending motions for judgment on the pleadings.

prolonged walking, bending and kneeling, and a moderate limitation to lifting, carrying, and reaching overhead.  (R. 515-16).

Plaintiff received regular medical treatment for her diabetes from Lifetime Health Medical Group ("Lifetime"), in Buffalo, New York, from June 20, 2006 until November 1, 2017.  (R. 403, 845).

## DISCUSSION

**1.     Standard and Scope of Judicial Review**

A claimant is "disabled" within the meaning of the Act and entitled to disability benefits when she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 416(i)(1); 1382c(a)(3)(A).  A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or if the decision is based on legal error.  42 U.S.C. §§ 405(g), 1383(c)(3); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003).  In reviewing a final decision of the SSA, a district court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard."  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks and citation omitted).  "Substantial evidence is more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Id*.  It is not, however, the district court's function to make a *de novo* determination as to whether the claimant is disabled; rather, "the reviewing court is required to examine the entire record, including contradictory

5

evidence and evidence from which conflicting inferences can be drawn" to determine whether the SSA's findings are supported by substantial evidence. *Id.* "Congress has instructed . . . that the factual findings of the Secretary,[4] if supported by substantial evidence, shall be conclusive." *Rutherford v. Schweiker*, 685 F.2d60, 62 (2d Cir. 1982).

## 2. Disability Determination

The definition of "disabled" is the same for purposes of receiving SSDI and SSI benefits. *Compare* 42 U.S.C. § 423(d) *with* 42 U.S.C. § 1382c(a). The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability benefits. 20 C.F.R. §§ 404.1520 and 416.920. *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982). The first step is to determine whether the applicant is engaged in substantial gainful activity during the period for which the benefits are claimed. 20 C.F.R. §§ 404.1520(b) and 416.920(b). The second step is whether the applicant has a severe impairment which significantly limits the physical or mental ability to do basic work activities, as defined in the relevant regulations. 20 C.F.R. §§ 404.1520(c) and 416.920(c). Third, if there is an impairment and the impairment, or its equivalent, is listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the regulations ("Appendix 1" or "the Listings"), and meets the duration requirement of at least 12 continuous months, there is a presumption of inability to perform substantial gainful activity, and the claimant is deemed disabled, regardless of age, education, or work experience. 42 U.S.C. §§ 423(d)(1)(A) and 1382a(c)(3)(A); 20 C.F.R. §§ 404.1520(d) and 416.920(d). As a fourth

---

[4] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

step, however, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the applicant's "residual functional capacity" or "RFC" which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding the limitations posed by the applicant's collective impairments, *see* 20 C.F.R. 404.1520(e)-(f), and 416.920(e)-(f), and the demands of any past relevant work ("PRW"). 20 C.F.R. §§ 404.1520(e) and 416.920(e). If the applicant remains capable of performing PRW, disability benefits will be denied, *id.*, but if the applicant is unable to perform PRW relevant work, the Commissioner, at the fifth step, must consider whether, given the applicant's age, education, and past work experience, the applicant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy." *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks and citation omitted); 20 C.F.R. §§ 404.1560(c) and 416.960(c). The burden of proof is on the applicant for the first four steps, with the Commissioner bearing the burden of proof on the final step. 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008). If the claimant fails to meet the criteria at either of the first two steps, the inquiry ceases and the claimant is not eligible for disability benefits, but if the claimant meets the criteria for the third or fourth step, or if the defendant fails to meet its burden at the fifth step, the inquiry ceases and the claimant is eligible for disability benefits. *Id.*

In the instant case, the ALJ found Plaintiff met the insured status requirement for SSDI through March 31, 2013 (R. 65), had not engaged in substantial gainful activity since August 29, 2008, Plaintiff's alleged DOD, *id.* at 67, suffers from the severe impairments of diabetes mellitus uncontrolled due to non-compliance for the period from

7

August 29, 2008 until March 31, 2013 (period relevant to Plaintiff's Title II claim), severe impairments of diabetic neuropathy, bilateral carpal tunnel syndrome, cervical spine degenerative changes and trigger finger from July 20, 2015 until March 22, 2018 (period relevant to Plaintiff's Title XVI claim) (R. 68), that Plaintiff's other conditions, including breast cancer, diabetes mellitus covered by Plaintiff's SSI application, depressive and personality disorder, and marijuana abuse are not severe impairments, *id.*, that Plaintiff does not have an impairment or combination of impairments meeting or medically equal to the severity of any listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* and at 70. The ALJ further determined that despite her impairments, Plaintiff retains the RFC to perform a full range of medium work during the period relevant to Plaintiff's Title II claim, and light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), with limitations to frequent walking, bending and kneeling and no constant handling and fingering during the period relevant to Plaintiff's Title XVI claim. (R. 70). Based on these findings, the ALJ determined Plaintiff is not disabled as defined under the Act. *Id.* at 81-82.

Plaintiff does not contest the ALJ's findings with regard to the first three steps of the five-step analysis, but argues that at the fourth step, the ALJ's RFC assessment is erroneous as the ALJ improperly afforded "some weight" to Dr. Liu's examination findings on November 30, 2015, Dr. Liu's review of Plaintiff's medical record did not include results from Plaintiff's cervical and lumbar spine magnetic resonance imaging ("MRI") scans, the ALJ failed to include discussion of test results from Plaintiff's shoulder and lumbar MRI scans on April 13, 2017, and failed to include a limitation for reaching in the ALJ's RFC assessment of Plaintiff. Plaintiff's Memorandum at 16-20.

Defendant maintains that the ALJ properly afforded only some weight to Dr. Liu's opinion within the context of the entire record including Plaintiff's MRI tests completed after Dr. Liu's consultative examination, provided a thorough discussion of Plaintiff's trigger finger and shoulder impairments, and properly evaluated Plaintiff's ability to reach.  Defendant's Memorandum at 15-22.  In reply, Plaintiff repeats her argument that the ALJ's asserted failure to properly evaluate the medical opinion of Dr. Liu was error requiring remand for further assessment of Plaintiff's RFC.  Plaintiff's Reply at 1-4.  There is no merit to Plaintiff's arguments.

As relevant, in assessing Plaintiff, Dr. Liu observed Plaintiff was in no acute distress, walked with a normal gait, was unable to perform heel-to-toe walking because of low back pain, used no assistive devices, did not require assistance getting on and off the examination table, and was able to rise from a chair without difficulty.  (R. 514).  After examining Plaintiff, Dr. Liu found Plaintiff with limited range of motion in her lower back, full range of motion of her cervical spine, hips, knees, bilateral ankles, left elbow, forearm and wrist, reduced range of motion of Plaintiff's right shoulder, assessed Plaintiff with a mild-to-moderate limitation to prolonged walking, bending, and kneeling, and a moderate limitation to lifting, carrying, and overhead reaching.  (R. 516).  Upon granting great weight to the opinions of consultative psychiatric examiner Susan Santarpia, Ph.D., ("Dr. Santarpia"), and state agency psychiatric consultant A. Dipeolu, Ph.D., ("Dr. Dipeolu"), the ALJ deemed Dr. Liu's opinion consistent with the record as a whole, yet vague, and without the benefit of a function-by-function evaluation.  (R. 80-81).  In support of such finding, the ALJ's discussed evidence to support Plaintiff consistently exhibited normal range of motion of Plaintiff's upper extremities, and

Plaintiff's testimony that she engaged in at least 30 minutes of aerobic exercise three-to-five times weekly. (R. 81). The ALJ's determination, despite finding Dr. Liu's opinion vague and without a function-by-function assessment, is therefore sufficiently supported by substantial evidence in the record and without error. *See Foley v. Commissioner of Social Security,* 2019 WL 4386046, at *7 (W.D.N.Y. Sept. 13, 2019) (no error where ALJ granted great weight to consultative opinion considered vague and lacking a function-by-function vocationally relevant analysis). Plaintiff's motion on this issue is therefore DENIED.

There is also no merit to Plaintiff's assertion, Plaintiff's Memorandum at 10, 15-16, that Dr. Liu's opinion is stale because Dr. Liu's examination was completed two months after Plaintiff's lumbar, shoulder, and brain MRI scans. Significantly, Dr. Liu's examination of Plaintiff was completed during the relevant period within which Plaintiff must establish disability, and the addition of subsequent medical records does not raise doubt as to the reliability of an earlier medical opinion. *See Camille v. Colvin*, 652 Fed. Appx. 25, 28 n. 4 (2d Cir. 2016) (noting no case or regulation "imposes an unqualified rule that a medical opinion is superseded by additional material in the record"); *see also Amos v. Commissioner of Social Security,* 2020 WL 1493888, at *4 (W.D.N.Y. Mar. 27, 2020) (no legal requirement that opinion sources must have access to a full and complete record for their opinions to be sufficient enough to constitute substantial evidence). Plaintiff's motion on this issue is thus without merit and DENIED.

Contrary to Plaintiff's assertion, the hypotheticals posed by the ALJ to the VE along with the ALJ's RFC determination, are consistent with those portions of Dr. Liu's consultative examination to which the ALJ granted some weight, specifically, limiting

Plaintiff to light work with additional limitations to mild-to-moderate limitation to prolonged walking, bending, and kneeling, and a moderate limitation to lifting, carrying, and overhead reaching.  (R. 17).  In this case, the ALJ discussed Dr. Liu's finding that Plaintiff had a moderate limitation for reaching (R. 76, 80-81, 516), and Plaintiff's testimony that she was able to reach her hands and arms over her head.  *Id.*  No error therefore results from the ALJ's decision to afford some weight to a portion of Dr. Liu's findings while rejecting Dr. Liu's opinion regarding Plaintiff's moderate limitation to reaching, and posing hypotheticals to the VE that included only those limitations the ALJ deemed supported by substantial evidence.  *See Torbicki v. Berryhill*, 2018 WL 3751290, at *5 (W.D.N.Y. Aug. 8, 2018) (no remand where ALJ affords great weight to a consultative physician opinion without adopting the entirety of the limitations included therein).  Plaintiff's motion on this issue is therefore without merit and DENIED.

## **CONCLUSION**

Based on the foregoing, Plaintiff's Motion (Dkt. 10) is DENIED; Defendant's Motion (Dkt. 15) is GRANTED.  The Clerk of Court is directed to close the file.
SO ORDERED.

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:	February 22, 2021
	Buffalo, New York